BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
RUTH A. HARVEY
Director
TRACY J. WHITAKER
Assistant Director
MATTHEW J. TROY (GA SBN 717258)
Senior Trial Counsel
Civil Division, Commercial Litigation Branch
U.S. Department of Justice
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875
Telephone:   (202) 514-9038
Facsimile:   (202) 307-0494
*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>CITY OF SAN BERNARDINO, CALIFORNIA,<br><br>　　　　　　　Debtor.<br>RAYMOND NEWBERRY; PATRICIA MENDOZA; MARIA ABOYTIA; JUANA PULIDO; JESUS PULIDO; JONATHAN PULIDO; RICHARD GONZALEZ LOZADA; MELINDA MCNEAL; BERTHA LOZADA; MILDRED LYTWYNEC; NICHOLAS LYTWYNEC; GLORIA BASUA; LIZBETH BANUELOS; CARLOS OCHOA,<br><br>　　　　　　　Appellants,<br><br>V.<br><br>CITY OF SAN BERNARDINO, CALIFORNIA,<br><br>　　　　　　　Appellee. | Case No.  5:15-cv-01672-ODW<br><br>Bankr. Case No. 6:12-bk-28006-MJ<br><br>**BRIEF OF INTERVENOR THE UNITED STATES OF AMERICA ON THE CONSTIUTIONALITY OF 11 U.S.C. §§ 362 AND 922**<br><br>Date: N/A<br>Time: N/A<br>Place: N/A<br><br>Honorable Otis D. Wright, II<br>United States District Judge |

580695v1

The United States of America, as intervenor in the above captioned appeal, hereby files its brief addressing the constitutionality of sections 362 and 922 of title 11 of the United States Code ("Bankruptcy Code").

## PROCEDURAL BACKGROUND

Appellants (together "Newberry") have appealed an Order of the United States Bankruptcy Court for the Central District Court of California ("Bankruptcy Court") denying Newberry's two motions for relief from the automatic stay imposed by sections 362 and 922 of the Bankruptcy Code. (ECF No. 6). The two motions sought relief from the automatic stay for Newberry to continue an action filed in this Court against the City of San Bernardino and certain of its officers, among others, pursuant to 28 U.S.C. § 1201 and 42 U.S.C. § 1983 for declaratory and injunctive relief as well as damages and fees and costs arising from violations of Newberry's Fourth Amendment rights ("Section 1983 Action").

In his opening brief in this appeal (ECF No. 7), Newberry argued, among other things, that sections 362 and 922 violate his First Amendment right to petition the government to redress the alleged violations of his Fourth Amendment rights. *Plaintiffs-Appellants' Opening Brief* at 30. Consequently, and pursuant to Rule 5.1 of the Federal Rules of Civil Procedure, Newberry filed a *Notice of Constitutional Challenge to 11 U.S.C. § 362 and § 922 and Request for Certification Pursuant to 28 U.S.C. § 2403(a)* ("Notice") (ECF No. 11) alleging that the City of San Bernardino ("City") "has engaged in an unconstitutional use of generalized warrants to violate the Fourth Amendment rights of its citizens in minority and poor communities, and threatens to continue do so with impunity." *Notice* at 2. Newberry further claimed that sections 362 and 922 violate his First Amendment right to petition the government to redress this conduct because they stay all causes of action against the City and its officers. *Id*. The Court then issued its *Order Certifying Constitutional Challenge* ("Certification Order") (ECF No. 12) certifying Newberry's constitutional challenge and providing the United States 60 days to intervene in this appeal.

580695v1

In response to the Certification Order, the United States moved to intervene as of right pursuant to 28 U.S.C. § 2403. (ECF No. 17). By Order dated January 5, 2016 ("Intervention Order"), the Court granted the United States' motion giving the United States leave to intervene in this appeal pursuant to Rule 24 of the Federal Rules of Civil Procedure for the purpose of addressing the constitutionality of sections 362 and 922 of the Bankruptcy Code. (ECF No. 20). In response to the Intervention Order, the United States files this brief to defend the constitutionality of sections 362 and 922.[1]

## STATUTORY BACKGROUND

I. The Automatic Stays of Sections 362 and 922

Section 362 of the Bankruptcy Code is entitled "Automatic Stay" and provides, in relevant part, that a bankruptcy petition "operates as a stay, applicable to all entities, of (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C § 362(a)(3). Section 362 applies in chapter 9 proceedings like the City's. 11 U.S.C. § 901(a). Moreover, and in addition to section 362's stay, section 922 provides that the filing of a petition under chapter 9 operates as a stay of the commencement or continuation of actions "against an officer or an inhabitant of the debtor that seeks to enforce a claim against the debtor." 11 U.S.C. § 922(a). "The additional automatic stay provided by section 922(a) of the Bankruptcy Code stays actions directed against entities other than the municipality itself. This contrasts with the automatic stay of section 362, which prevents only acts against the debtor or its property. The stay of

---

[1] The United States takes no position on the other issues raised in this appeal such as whether the stays of sections 362 and 922 apply to the Section 1983 Action or if cause exists under section 362(d)(1) to lift the stay of those sections. Also, in response to this Court's January 14, 2016 order regarding supplemental briefing (ECF No. 21), the United States takes no position on whether Newberry's request for declaratory and injunctive relief in the Section 1983 Action is moot, and if so, whether that action presents a colorable claim for relief.

Section 922 is in addition to the section 362 stay, not in lieu of it." 6 *Collier on Bankruptcy* at ¶ 922.02 (Alan N. Resnick & Henry J. Sommer eds. 16th ed. 2015).

Section 362(d) permits a party to move for relief from the automatic stay of subsection (a) upon a showing of "cause," 11 U.S.C. § 362(d), which the Bankruptcy Code does not define and the determination of which rests in bankruptcy courts' sound discretion, *Benedor Corp. v. Conejo Enters., Inc.*, (*In re Conejo Enters., Inc.*), 96 F.3d 346, 351-52 (9th Cir. 1996). Subsection 362(d) applies to the section 922(a) stay the same as it applies to the stay of section 362(a). 11 U.S.C. § 922(b).

## II. The First Amendment Right to Petition the Government

The First Amendment provides, in relevant part, that "Congress shall make no law . . . abridging . . . the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I ("Petition Clause"). "[T]he right to petition extends to all departments of the Government. The right of access to the courts is indeed but one aspect of the right to petition." *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972); *Bill Johnsons Rests. v. Nat'l Labor Relations Bd.*, 461 U.S. 731, 741 (1983) (same). This right applies to both citizens or groups of them, *Cal. Motor Transp.*, 404 U.S. at 510, and "is cut from the same cloth as the other guarantees of [the First] Amendment, and is an assurance of a particular freedom of expression," *McDonald v. Smith*, 472 U.S. 479, 482 (1985).

The right to petition is not, however, absolute. *McDonald*, 472 U.S. at 484. As it pertains to the right of access to the courts, the Petition Clause essentially entails "the right to pass through the courthouse doors and present one's claim for judicial determination." *Los Angeles Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 706 (9th Cir. 1992). "But nothing in the First Amendment entitles [a] plaintiff to a favorable disposition of his claim. The First Amendment safeguards only a citizen's right to *express* his grievance to a tribunal of competent jurisdiction." *Patchak v. Jewell*, 109 F. Supp. 3d 152, 164 (D.D.C. 2015) (citations omitted) (emphasis in original); *see also Canfora v. Olds*, 562 F.2d 363, 364 (6th Cir. 1977) ("Neither in the First Amendment nor

elsewhere in the Constitution is there a provision guaranteeing that all petitions for the redress of grievances will meet with success."); *Petersen v. Cazemier*, 164 F. Supp. 2d 1217, 1225 (D. Or. 2001) ("Plaintiff is not guaranteed redress, simply the right to seek it.").

## ARGUMENT

### Sections 362 and 922 Do Not Violate the Petition Clause

Newberry asserts that if "the automatic stay provisions [of sections 362 and 922] protect the actions of the City from suit on all causes of action, then those provisions . . . are an unconstitutional breach of the First Amendment right of Appellants to petition the government." *Plaintiffs-Appellants' Opening Br.* at 30. Newberry cites no authority supporting this assertion, which assertion is simply wrong.

First, the assertion rests on a false premise, i.e., that sections 362 and 922 protect the City from suit on all causes of action. They do not. Rather, those stays serve as a temporary reprieve from causes of action. *Fed. Trade Comm'n v. First Alliance Mortgage Co.* (*In re First Alliance Mortgage Co.*), 264 B.R. 634, 645 (C.D. Cal. 2001) ("The purpose of the stay is to centralize all litigation involving the debtor in one court in order to grant the debtor temporary relief from creditors, prevent needless dissipation of the debtor's estate, and allow for reorganization or liquidation in the most efficient manner possible."). They are not permanent injunctions and expire at the earlier of the closure of the case, the dismissal of the case, or the grant of a discharge, 11 U.S.C. § 362(c)(2), which in chapter 9 occurs when the court confirms a plan of adjustment, 11 U.S.C. § 944(b). Hence, sections 362 and 922 alone do not permanently bar Newberry's cause of action against the City and its officers and therefore, cannot violate his rights under the Petition Clause.[2]

---

[2] When a court grants a discharge, the permanent injunction of section 524(a)(2) replaces the automatic stay. *Watson v. Shandell* (*In re Watson*), 192 B.R. 739, 749 (9th Cir. B.A.P. 1996), *aff'd*, 116 F.3d 488 (9th Cir. 1997). In the City's chapter 9 case, Newberry has filed a complaint objecting to the dischargeability of the City's debt to him. *Request for Judicial Notice* ("RJN") (ECF No. 15) Ex. 8 at 63. *Continued on next page*

-5-

Second, by their own terms, the statutory stays of sections 362 and 922 provide a mechanism to seek redress from a federal court via a motion to lift stay made to a bankruptcy court. 11 U.S.C. §§ 362(d), 922(b). Indeed, this proceeding itself is Newberry's appeal of the Bankruptcy Court's denial of two such motions. But the Petition Clause guarantees only the right to seek redress and not success. Neither section 362 nor 922 bars Newberry's access to the courts or curtails his ability to present his grievances to this Court, namely, that the Bankruptcy Court erred when it decided that the stay of those sections did not apply to the Section 1983 Action or, alternatively, that cause did not exist to lift those stays if they do apply. *Plaintiffs-Appellants' Opening Br.* at 8 (Statement of Issues).

Third, the Bankruptcy Code affords Newberry other rights that vindicate his Petition Clause rights. For example, he can file a proof of claim in the City's bankruptcy for the alleged damages arising from the violations of his Fourth Amendment rights. 11 U.S.C. § 501(a) ("A creditor . . . may file a proof of claim."); *id*. at § 502(a) ("A claim . . . proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."); *id*. at § 502(b) ("[I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim."). If a claimant, such as Newberry, does not want a bankruptcy court determining its claim, it has the right to seek withdrawal of that determination to the district court for cause shown. 28 U.S.C. § 157(d). Second, Newberry can file an adversary proceeding in the City's bankruptcy to determine the nondischargeability of his alleged claim, which he has done. RJN Ex. 8. Notwithstanding the temporary stays imposed by sections 362 and 922, Newberry has redress under the Bankruptcy Code to have a court adjudicate the grievances raised in the Section 1983 Action. For that reason, those sections do not violate his Petition Clause rights.

---

Newberry's filing of this nondischargeability complaint further evidences that sections 362 and 922 do not violate his Petition Clause rights.

-6-

1    Finally, Congress does not violate the Petition Clause when it statutorily
2    eliminates, as opposed to stay temporarily, a cause of action.  *Jones v. Air Line Pilots*
3    *Ass'n*, 713 F. Supp. 2d 29, 37 (D.D.C. 2010).  In *Jones*, a former airline pilot
4    challenged the constitutionality of the Fair Treatment of Experienced Pilots Act
5    (FTEPA) for violating, among others, the Petition Clause in the United States
6    Constitution because it barred his age discrimination claims for airlines' actions
7    occurring prior to FTEPA's enactment.  In rejecting the challenge, the court held that
8    "FTEPA may eliminate Jones's statutory claims for age discrimination, but narrowing
9    the scope of statutory rights is entirely within Congress's powers."  *Jones*, 713 F.
10   Supp. 2d at 37 (*citing Logan v. Zimmerman*, 455 U.S. 422, 432 (1982)).  If Congress
11   can eliminate a cause of action without violating the Petition Clause, it can certainly
12   exercise the lesser power of placing a temporary stay on a cause of action without
13   violating that clause, especially when in the same statute, as explained above, it
14   provides additional means for accessing the courts to have the underlying grievances
15   addressed.  Accordingly, sections 362 and 922 do not violate the Petition Clause.

## CONCLUSION

17   For all the foregoing reasons, sections 362 and 922 of the Bankruptcy Code are
18   constitutional, and the Court should reject Newberry's constitutional challenge.
19   \
20   \
21   \
22   \
23   \
24   \
25   \
26   \
27   \
28   \

580695v1

Date:  February 4, 2016

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
RUTH A. HARVEY
Director
TRACY J. WHITAKER
Assistant Director
*/s/ Matthew J. Troy*
MATTHEW J. TROY
Senior Trial Counsel
Civil Division, Commercial Litigation Branch
U.S. Department of Justice
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875
Telephone:  (202) 514-9038
Facsimile:   (202) 307-0494

580695v1

# CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to this proceeding. My business address is: USDOJ, Civil Division, POB 875 Ben Franklin Station, Washington, DC 20044-0875.

A true and correct copy of the foregoing document **Brief of Intervenor the United States of America on the Constitutionality of 11 U.S.C. §§ 362 and 922** was served via electronic mail upon all parties in this case receiving electronic notice under the Court's CM/ECF system.

Date:  February 4, 2016                    */s/ Matthew J. Troy*
                                            Matthew J. Troy

580695v1