No. 5:15-CV-01672-ODW
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
_____

In re CITY OF SAN BERNARDINO, CALIFORNIA, Debtor.
_____

RAYMOND NEWBERRY, PATRICIA MENDOZA, MARIA ABOYTIA, JUANA PULIDO, JESUS PULIDO, JONATHAN PULIDO, RICHARD GONZALEZ LOZADA, MELINDA MCNEAL, BERTHA LOZADA, MILDRED LYTWYNEC, NICHOLAS LYTWYNEC, GLORIA BASUA, AND OTHERS SIMILARLY SITUATED, Appellants,

v.

CITY OF SAN BERNARDINO, CALIFORNIA, Appellee.
_____

Appeal from the U.S. Bankruptcy Court for the Central District of California, Riverside Division, the Honorable Meredith A. Jury, Presiding, Bankruptcy Case No.: 6:12-bk-28006-MJ

APPELLEES' BRIEF IN RESPONSE TO THE COURT'S
REQUEST FOR SUPPLEMENTAL BRIEFING

Paul R. Glassman (State Bar No. 76536)
Fred Neufeld (State Bar No. 150759)
Laura Buchanan (State Bar No. 156261)
Kathleen DeVaney (State Bar No. 156444)
STRADLING YOCCA CARLSON & RAUTH, P.C.
100 Wilshire Blvd., 4th Floor
Santa Monica, CA 90401
Telephone: (424) 214-7000

Gary D. Saenz (State Bar No. 79539)
OFFICE OF THE CITY ATTORNEY
300 N. "D" STREET, Sixth Floor
San Bernardino, CA 92418
Telephone: (909) 384-5355

Attorneys for City of San Bernardino, California, Appellee

After the parties filed their briefs in this appeal, the Court requested supplemental briefing from the parties (Docket No. 21) on two questions:

1. Whether Appellants' proposed action for injunctive and declaratory relief is moot?

2. If so, whether Appellants' proposed action asserts a "colorable claim" for relief? *See, e.g.*, *In re Luz Int'l, Ltd.*, 219 B.R. 837, 842 (B.A.P. 9th Cir. 1998) ("*Luz*").

For the reasons discussed below, Appellee City of San Bernardino ("City") answers yes to both questions.

## I.  Background

The City filed a petition for relief under chapter 9 of title 11 of the U.S. Code on August 1, 2012 ("Petition Date"). Two years into the bankruptcy case, Appellants filed a Complaint against the City, City officials and City police officers in the U.S. District Court, alleging thirteen claims, twelve of which were for monetary damages and attorneys' fees and costs. Appellants' Excerpts of Record (Docket No. 7-1 to 7-4) ("ER") 36-85. On December 3, 2014, U.S. District Court Judge Bernal determined that the Complaint against the City and its officers was automatically stayed under 11 U.S.C. §§ 362 and 922. *See* Ex. 1 to the City's prior filed Request for Judicial Notice, Docket No. 15 in this appeal (the "Prior RJN"), at page 7.

On February 4, 2015, Appellants filed a motion in the bankruptcy court for relief from the automatic stay so that Appellants could continue to prosecute the Complaint against the City in the District Court. After extensive briefing and two hearings, U.S. Bankruptcy Judge Jury (the "Bankruptcy Court") entered the order on appeal (the "Order"), which determined that: Appellants' filing of the Complaint violated 11 U.S.C. §362; the Complaint was void *ab initio*; and Appellants were required to dismiss the Complaint against the City, City officials

1

and City police officers. AER 4-5. The Order also incorporated the City's agreement not to enter the apartments at the Edgehill apartment complex pursuant to administrative inspection warrants without first seeking consent from the tenants of such apartments. *Id.*

## II. Appellants' proposed action for injunctive and declaratory relief is moot.

The Ninth Circuit has determined that "[a] case is moot on appeal if no live controversy remains at the time the court of appeals hears the case." *NASD Dispute Resolution, Inc. v. Judicial Council of State of Cal.*, 488 F.3d 1065, 1068 (9th Cir. 2007). The test for whether a live controversy exists is "whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor." *Id.* (internal citations omitted). "Voluntary cessation of challenged conduct moots a case . . . only if it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222, 120 S. Ct. 722, 725 (2000) (internal citation omitted).

Appellants' proposed action for injunctive and declaratory relief is moot for several independent reasons. First, there is no longer any live controversy. Appellants dismissed the City, its officials and police officers from their Complaint on September 18, 2015 (*See* Exhibit 1 to the City's concurrently filed Request for Judicial Notice (the "New RJN")) and subsequently filed a Second Amended Complaint that did not include the City or its officers or employees as parties or any allegations against the City or any of the City's officers or employees. (*See* New RJN, Ex. 2). No live controversy regarding Appellants' proposed action for injunctive and declaratory relief exists at this time.

Second, Appellants' proposed action for injunctive and declaratory relief is moot because there could be no live controversy even if this Court determined that the bankruptcy court abused its discretion in finding that there was no cause for

relief from the stay – because the Complaint commencing the Action was void *ab initio*. All actions in violation of the automatic stay are void *ab initio*. *In re Schwartz*, 954 F.2d 569, 572-73 (9th Cir. 1992); *In re Gruntz*, 202 F.3d 1074, 1082 n.6 (9th Cir. 2000) (en banc) ("judicial proceedings in violation of the stay are void ab initio"). In a previous opinion in Case No. 5:15-cv-00014-ODW (Docket No. 29), this Court concluded that the automatic stay imposed by 11 U.S.C. §§ 362(a)(3) and 922 stayed post-petition litigation in chapter 9 cases. *See* New RJN Ex. 3, at pages 2-3. Appellants' Complaint sought to exercise control over property of the City because it sought (a) monetary damages from the City's treasury, (b) nine separate public judgments that could serve as the basis for monetary damages from the City's treasury, and (c) injunctive relief barring eleven separate types of actions that would interfere with the City's use of its property and the City's operations to ensure the safety of its residents. *See* ER 229-279. Therefore, there could be no live controversy because the Complaint was void *ab initio* as a matter of law, and this Court could not give Appellants any effective relief even if it reversed the Order. Appellants could have sought relief from the automatic stay prior to filing the Complaint in the District Court, but they chose not to do so. Appellants could have filed their Complaint in the bankruptcy court, but they opted not to do so.

Third, Appellants' proposed action for injunctive and declaratory relief is moot because the Order appealed from ensures that the allegedly wrongful conduct cannot reasonably be expected to recur. The alleged controversy upon which Appellants based their first claim for declaratory relief in the Complaint, and their motions for relief from stay, was that "Defendants have publicly announced that they intend on conducting future searches again and very soon, using exactly the same tactics as they employed in this search. Plaintiffs are greatly fearful of being victims of a 'no-notice inspection' again." ER 246. The Order, however, requires

3

that the City "shall not enter the apartment of any tenant in the Edgehill Apartments ... pursuant to a building code or administrative inspection warrant without first seeking consent from tenants of such apartment." ER 5.  Moreover, the owner of the Edgehill Apartments remedied the numerous housing code violations due to the City's code enforcement efforts. *See* New RJN, Ex. 4, at ¶¶ 7, 11, and 12.  Thus, the Order resolved the alleged actual controversy, and it is not reasonable to expect that the City would violate the Order by engaging in any of the conduct described in paragraphs 51.H. through 51.L. of the Complaint.

### III.     Appellants' proposed action does not assert a "colorable claim."

The City complied with all of the requirements of applicable law when it sought the inspection warrant for housing code violations at the Edgehill apartments, and the Superior Court agreed when it issued the warrant.  California Code of Civil Procedure ("CCP") § 1822.51 provides:

> "An inspection warrant shall be issued upon cause, unless some other provision of state or federal law makes another standard applicable.  An inspection warrant shall be supported by an affidavit, particularly describing the place, dwelling, structure, premises, or vehicle to be inspected and the purpose for which the inspection is made.  In addition, the affidavit shall contain either a statement that consent to inspect has been sought and refused or facts or circumstances reasonably justifying the failure to seek such consent."

In addition, CCP § 1822.56 provides: "Where prior consent has been sought and refused, notice that a warrant has been issued must be given at least 24 hours before the warrant is executed, unless the judge finds that immediate execution is reasonably necessary in the circumstances shown."

Appellants have nowhere alleged, let alone provided any evidence, that the warrant at issue here did not meet all of the requirements of the applicable

4

California CCP sections.  The City showed cause and met the other requirements of CCP Sections 1822.51 and 1822.56 for a warrant, and the Superior Court agreed.  *See* Prior RJN, Exhibits 2, 3, and 4.  Appellants' allegations do not meet the threshold requirement of plausibility.  The action, therefore, does not assert colorable claims.

The record below clearly evidences that the Bankruptcy Court did not adjudicate the merits of Appellants' claims in determining that the *Curtis* factors weighed against relief from stay.[1]  However, it is not apparent from the record whether the Bankruptcy Court believed that Appellants' proposed action asserts a

---

[1]  This Court explained the colorable claim requirement for granting relief from stay in Case No. 5:15-cv-00014-ODW, which involved the firefighters union's appeal from denial of their motion for relief from stay.  The Court said: "The merit of the proposed action has no bearing on whether relief from stay is appropriate beyond a threshold showing that the movant has a 'colorable claim' for relief.  *In re Johnson*, 756 F.2d 738, 740 (9th Cir. 1985); *In re Veal*, 450 B.R. 897, 914 (B.A.P. 9th Cir. 2011)."  *See* RJN Ex. 3, at page 5.  *Johnson*, *Veal* and *Luz* all address the same fact pattern – a secured creditor's motion under 11 U.S.C. § 362(d) for relief from stay to foreclose on property of the estate, and the requirement that the secured creditor make a colorable claim that it indeed has a security interest in or lien upon property of the estate.  Once the colorable claim showing is made, the other provisions of Section 362(d) apply – *i.e.,* does the debtor have equity in the property, is the property necessary to an effective reorganization, and can the debtor provide adequate protection of the secured creditor's interest in property of the estate – in deciding whether relief from stay should be granted to the secured creditor.

Here, Appellants' do not seek relief from stay to exercise property rights, but rather relief to continue to pursue their litigation, which determination is governed in the Ninth Circuit by the *Curtis* factors discussed in the City's appeal brief.  Nevertheless, the colorable claim requirement must also be implicit in the *Curtis* factors, since the bankruptcy courts are called on by the *Curtis* factors to consider the interests of judicial economy and the expeditious and economical determination of litigation for the parties, the impact of the stay and the balance of hurt on the parties, and what effect the proposed litigation would have on administration of the debtor's bankruptcy case.  *See In re Landmark Fence Co.*, 2011 U.S. Dist. Lexis 150928, *8-10 (C.D. Cal. 2011) (discussing *Curtis* factors).

colorable claim.[2]  What is certain, however, is that there are numerous other creditors, including numerous other civil plaintiffs, with claims pending against the City, who are awaiting confirmation of the City's chapter 9 plan so that the process of claims allowance and disallowance can proceed soon after confirmation. Appellants' claims, whether they are colorable or not, will be addressed on the merits in the claims adjudication process in the bankruptcy court.  The City's chapter 9 plan proposes an Alternative Dispute Resolution procedure for efficient resolution of claims, and Appellants will have the same rights as other creditors.

As the City argued in its appeal brief, one of the primary policies underlying the automatic stay in bankruptcy is the need for a centralized forum – the bankruptcy court – to adjudicate claims against the debtor (subject to certain jurisdictional limitations like the preservation of jury trial rights in certain circumstances).  Absent a centralized forum, a debtor's resources would be substantially dissipated defending numerous lawsuits in multiple forums.  The

---

[2]  In determining that the *Curtis* factors weighed against granting relief from stay, the Bankruptcy Court noted at the first hearing on Appellants' motion for relief from stay that there was no evidence at all filed in support of Appellants' motions for relief from stay.

> 7   COURT: There also is no evidence attached to the motion.
> 8   There is argument but not evidence. . . .
> 13  the argument is unsupported by
> 14  any evidence whatsoever other than the copy of the complaint
> 15  that was filed in district court.

Transcript of April 1, 2015 hearing, at p. 4, lines 7-15 (AER 377).  At the second hearing, the Bankruptcy Court stated:

> 17  COURT: As I understand it, nothing more happened. They
> 18  didn't do it again. Nothing -- there are no new accusations
> 19  against the City.

Transcript of August 5, 2015 hearing at p. 4, lines 17-19 (Appellees' Excerpts of Record (Docket No. 14).

Bankruptcy Court carefully weighed that policy along with the other *Curtis* factors, as the record clearly shows, and reasonably concluded that adjudication of Appellants' claims belongs in the bankruptcy court.

Dated: February 4, 2016       STRADLING YOCCA CARLSON & RAUTH, P.C.


                                                   By:   */s/ Paul R. Glassman*
                                                         Paul R. Glassman
                                                         Fred Neufeld

Attorneys for Appellee City of San Bernardino

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

100 Wilshire Blvd., 4th Floor, Santa Monica, CA 90401.

A true and correct copy of the foregoing document will be served or was served (a) on the judge in chambers; and/or (b) in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  The foregoing document will be served by the court via NEF and hyperlink to the document. On February 4, 2016, the following persons are to receive NEF transmission at the email addresses stated below:

    ATTORNEYS FOR APPELLEE CITY OF SAN BERNARDINO
    •Paul Robert Glassman
    pglassman@sycr.com

    •Gary David Saenz
    saenz_ga@sbcity.org

    •Jason Michael Ewert
    ewert_ja@sbcity.org,brigman_ch@sbcity.org

    ATTORNEYS FOR APPELLANTS RAYMOND NEWBERY ET AL.
    •Marjorie Barrios
    mbarrios@mbarrios.com,iecivillaw@gmail.com

    ATTORNEYS FOR UNITED STATES
    Matthew.Troy@usdoj.gov

    MATTHEW J TROY
    matthew.troy@usdoj.gov

**2.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  On February 4, 2016, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

    Honorable Otis D. Wright II (Personal Delivery)
    Courtroom 11 – Spring St. Floor
    312 North Spring Street
    Los Angeles, CA 90012-4701
    Judge Wright's document box outside the entrance to chambers near courtrooms 10 & 12

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 4, 2016 | Laura L. Buchanan | /s/ Laura L. Buchanan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

.